IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION


UNITED STATES OF AMERICA

VS.                                CIVIL ACTION NO. 3:09-cr-96(DCB)(LRA)

DERRICK LAMON BEALS


                    MEMORANDUM OPINION AND ORDER

    This cause is before the Court on the defendant Derrick Lamon Beals' Motion to Dismiss the Indictment **(docket entry 62)** and Supplemental Motion to Dismiss the Indictment **(docket entry 64)**, and on the United States of America ("the Government")'s Motion for Continuance **(docket entry 59)**.  Having carefully considered the motions and responses, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

    The defendant moves to dismiss the indictment against him, alleging a violation of the Speedy Trial Act which provides, in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. ...

18 U.S.C. § 3161(c)(1).  In this case, the defendant's initial appearance on November 10, 2009, triggered the speedy trial clock. Thus, November 11, 2009 was the first day which counted toward the

seventy day time limit.  See United States v. Hernandez-Amparan, 600 F.Supp.2d 839, 841 n.1 (W.D. Tex. 2009)(Rule 45 of the Federal Rules of Criminal Procedure excludes from computation the date that begins a period greater than ten days, and excludes the last day of the period if that day is a weekend or holiday).

The defendant's trial was initially set for January 4, 2010. On December 28, 2009, the defendant filed a motion for continuance, stating as his grounds:

> 1. That counsel for Defendant needs additional time to prepare for trial or execute a Memorandum of Understanding.
>
> 2. That the Defendant waives his right to a speedy trial.
>
> 3. That the public interest and the Defendant's right to a speedy trial are outweighed in this matter.

Motion for Continuance, 12/28/09.  On January 6, 2010, Beals filed another motion for continuance, stating:

> 1. That Counsel for Defendant and Government have attempted to reach a plea agreement but further time is needed in this matter.
>
> 2. That if a plea agreement is not reached, counsel is requesting time to adequately prepare for trial.
>
> 3. That defendant DERRICK LAMON BEALS waives his right to a speedy trial and public trial.
>
> 4. That the public interest in this matter is not harmed by continuance.

Motion for Continuance, 1/6/10.

Under the Speedy Trial Act, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the

2

hearing on, or other prompt disposition of, such motion" is excluded from the time computation. 18 U.S.C. § 3161(h)(1)(D). In addition, "delay reasonably attributed to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court" is excluded. 18 U.S.C. § 3161(h)(1)(H).  The Supreme Court's interpretation of the interplay between these two subsections is set forth in Henderson v. United States, 476 U.S. 321 (1986).

The Fifth Circuit, in United States v. Johnson, 29 F.3d 940 (5th Cir. 1994), summarized Henderson's ruling as follows.  First, if a motion requires a hearing, subsection D excludes the time between the filing of the motion and the hearing on the motion.  In addition, the court is allowed time after the hearing to assemble all papers reasonably necessary to dispose of the motion, including the submission of post-hearing briefs.  Johnson, 29 F.3d at 942-43. Once the court has received all submissions from counsel, the motion is "under advisement" for purposes of § 3161(h)(1)(H), and the court has thirty excludable days in which to rule before the speedy trial clock begins to run.  Id. at 943.

If the motion does not require a hearing, subsection D excludes the time between the filing of the motion and a "prompt disposition" of the motion.  A "prompt disposition" means thirty days from the time a motion is actually "under advisement" for purposes of subsection H.  Id.  "[U]ntil the court has before it

3

all papers necessary to rule, the court cannot be said to have taken the matter under advisement." Id. at 944. The Fifth Circuit has held that "a motion should be considered under advisement for Speedy Trial Act purposes on the day that the last paper concerning the motion at issue was filed with the court." Id.

In this case, the original motion was filed on December 28, 2009, and the second motion was filed on January 6, 2010. There was no response filed by the Government to either motion; instead an Agreed Order was filed by the parties. Therefore, the last papers concerning the two motions were the motions themselves. The speedy trial clock was tolled beginning with December 28, 2009, until and including January 20, 2010, the date the Agreed Order granting the continuance was filed, which was well within thirty days from December 28, 2009 and January 6, 2010. See United States v. Kingston, 875 F.2d 1091, 1107 (5th Cir. 1989)("all days between and including the commencement and termination of the [motion] are excluded from the seventy-day count").

The Agreed Order continued the trial until March 9, 2010, and stated:

> Having duly considered the factors articulated in Title 18, Section 3161(h)(1)(B)(i) to determine the appropriateness of a continuance, the Court finds that, pursuant to Title 18, Section 3161(h)(8)(A) of the United States Code, the ends of justice outweigh the best interests of the public and the defendant in a speedy trial in this cause and are best served by granting the requested continuance.

Agreed Order, 1/20/10.  The Speedy Trial Act provides, in §

4

3161(h), that certain "periods of delay shall be excluded in computing the time within which ... the trial ... must commence," including:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A).

The Supreme Court has held that the "best practice ... is for a district court to put its findings on the record at or near the time when it grants the continuance."  Zedner v. United States, 547 U.S. 489, 507 n.7 (2006).  However, "[a]lthough the Act is clear that the findings must be made, if only in the judge's mind, before the granting of the continuance ... the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case.'"  Id. at 506-507 (quoting 18 U.S.C. § 3161(h)(8)(A)).  "[A]t the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)."  Zedner, 547 U.S. at 507.

In this case, the defendant's motions of December 28, 2009, and January 6, 2010, specifically requested a continuance so that his counsel could be fully prepared for trial, and could attempt to reach a plea agreement with the Government.  Furthermore, the defendant declared that these reasons outweighed his and the public's interest in a speedy trial, and "waived" his right to a speedy trial.

The Court notes at the outset that the defendant may not waive his right to a speedy trial.  United States v. Kington, 875 F.2d 1091, 1107 (5th Cir. 1989); United States v. Willis, 958 F.2d 60, 62 (5th Cir. 1992)("In Kington, we joined all other circuits which have addressed the question in recognizing that the provisions of the Speedy Trial Act are not waivable by the defendant."). Nevertheless, a voluntary waiver by the defendant may still be effective "if the judge considered the defined factors and concluded the ends of justice are served by an acceptance of the defendant's waiver."  United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir.)(citation omitted), cert. denied, 508 U.S. 964 (1993), quoted in United States v. Blackwell, 12 F.3d 44, 47 (5th Cir. 1994).  Moreover, where the court finds that the delay in a defendant's trial is excludable under one of the exceptions to the Speedy Trial Act, the court "need not address whether the defendant waived his speedy trial act rights indefinitely." United States v. Miles, 290 F.3d 1341, 1349 n.7 (11th Cir. 2002).  See also McElhaney

v. United States, 2009 WL 54256 *19 (N.D. Tex. Jan. 8, 2009)("Because a waiver is not necessary to exclude time under § 3161(h)(8)(A), see Zedner [547 U.S. 500-01]; United States v. Storey, 927 F.Supp. 414, 415-16 (D. Kan. 1996), the purported waiver had no impact on the speedy trial calculations.").

Section 3161(h)(8)(A) provides that a continuance can only be "granted ... on the basis of [the court's] findings." The Supreme Court has likewise held that explicit findings must be made "if only in the judge's mind, before granting the continuance." Zedner, 547 U.S. at 507. The Court therefore emphasizes that the following findings were made "in the judge's mind, before granting the continuance," and are here made part of the record.

Among the factors weighed in considering the "ends of justice" issue are "[w]hether the case is so unusual or complex ... that it is unreasonable to expect adequate preparation ... for the trial itself within the time limits established by this section." 18 U.S.C. § 1361(h)(8)(B)(ii). The court also considers, in a case not so unusual or complex, whether the failure to grant a continuance "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). In this case, the defendant requested, and was granted, additional time for his counsel to prepare for trial and to attempt to reach a plea agreement. The Court found that to deny

7

the continuance would have deprived the defendant of reasonable time necessary for effective preparation, and that the ends of justice would be served by granting the continuance requested by the defendant.  The Court also found that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial.  Thus, the period from January 21, 2010, to March 9, 2010, was excluded from the seventy day time limit.

On March 4, 2010, the Court received a fax of a memorandum from the Mississippi Bar Association, dated March 2, 2010, with reference to defendant's counsel.  The memorandum stated that defense counsel "is unable to meet his professional responsibilities while he is taking care of medical issues.  With his permission, we are asking the courtesy of the Court in continuing his matters before the Court until further notice."  The memorandum was signed by a representative of the Bar as well as by defendant's counsel.  Treating the memorandum as a motion to continue and to withdraw as counsel, the Court continued the March 9, 2010, trial date to "be reset at a later date to be determined by the Court."  Docket Entry, 3/4/10.  The Court also set a hearing for March 11, 2010, to hear the motion to withdraw and to set a new trial date.  Docket Entry, 3/8/10.

Although the continuance was by docket entry order, the Court made an "ends of justice" determination that failure to grant the

continuance would deny the defendant legal representation, and that the defendant's right to counsel outweighed his and the public's interest in a speedy trial.  The Fifth Circuit has held that a district court may grant an open-ended continuance under § 3161(h)(8)(A) in "situations in which it is impossible, or at least quite difficult, for the parties or the court to gauge the length of an otherwise justified continuance." United States v. Jones, 56 F.3d 581, 586 (5th Cir. 1995).  "In such circumstances, the district court may decide to continue the trial indefinitely, at least until the defendant or the government is able to propose a more specific trial date or until there exists enough additional information for the district court to set one."  Id.  However, if the continuance is "for any substantial length of time [it must be] extraordinary and must be adequately justified by the circumstances of the particular case."  Id. (citing United States v. Lattany, 982 F.2d 866, 881-82 (3rd Cir. 1992)(holding that open-ended continuances are permissible insofar as they are reasonable)).

In this case, the Court granted defense counsel's motion the day it received it.  The continuance was only until the Court could receive more information at the hearing seven days later in order to set a specific trial date.  Thus, the continuance was reasonable under Jones.  At the March 11, 2010, hearing, the defendant stated that his retained counsel had notified him that he could no longer represent him due to illness.  The defendant also requested the

9

Court to appoint counsel for him, which the Court treated as a motion to appoint counsel. The matter was then taken up by Magistrate Judge Linda R. Anderson who found the defendant to be indigent and appointed counsel to represent him. By Order of March 12, 2010, the Court found:

> ... that the request for new counsel is well taken and is hereby granted, and that this cause shall be continued to the next trial term of the Court and that the period of delay shall be excluded in computing the time within which the trial of this matter commence in accordance with the Speedy Trial Act, 18 U.S.C. § 3161.
>
> Due to the nature of the charges and the status of the case, the appointment of new counsel, and having duly considered the factors articulated in Title 18, Section 3161(h) to determine the appropriateness of a continuance, the Court finds that, pursuant to Title 18, Section 3161(h)(7)(A) of the United States Code, the ends of justice outweigh the best interests of the public and the defendant in a speedy trial in this cause and are best served by continuing this case to the next term of Court ... commencing on June 7, 2010.

Order, 3/12/10. Thus, the Court found that failure to continue the case would have deprived the defendant of reasonable time necessary for effective preparation, and that the ends of justice served by ordering the continuance outweighed the best interest of the public and the defendant in a speedy trial. Therefore, the period from March 4, 2010, to June 7, 2010, was excluded from the seventy day time limit.

After one meeting with his newly-appointed counsel, on March 30, 2010, the defendant wrote to the Court requesting that a different attorney be appointed. The letter was treated as a

motion for substitution of counsel and was taken up by Magistrate Judge Anderson on May 18, 2010, at which time the defendant announced that he had retained attorney Robyn Teague to represent him. Beals' former attorney was allowed to withdraw, and attorney Teague entered her appearance on May 19, 2010.

On May 25, 2010, the courtroom deputy clerk sent the attorneys an e-mail as follows:

> Please advise the status of the above referenced case. It is on Judge Bramlette's June trial term which begins June 7. Do I need to set a firm trial date for this or do I need to set a change of plea? If I need to set a trial date, please advise how long the trial is estimated to last.

Attorney Teague replied the same day by e-mail: "It is my understanding that Derrick Beals wants a change of plea. However, I hope to get that confirmation today. As soon as I get the information, I will forward it to you." On May 26, 2010, the Court received the following e-mail from Assistant United States Attorney ("AUSA") Erin Chalk:

> I received word from Robyn Teague yesterday that she was speaking with her client and would let me know how he planned to proceed. I expect to hear from her today or tomorrow. As soon as I know something I will forward it to the Court.

On June 1, 2010, the Court received another e-mail from AUSA Chalk: "Robyn Teague has informed me this morning that her client, Derrick Beals wishes to change his plea. Is there any way we can get this on the scheduled [sic] for June 8?" On June 1, 2010, the change of plea hearing was scheduled for June 8, 2010. On the morning of

June 8, attorney Teague filed a motion for continuance of the hearing because of the death of her father the day before. The Court, on June 8, reset the change of plea for July 8, 2010.

A change of plea is treated like a motion for Speedy Trial Act purposes, and since a hearing is required for the court to take a change of plea, the speedy trial clock is tolled from the date the court is notified of the change of plea at least until the date of the hearing. See United States v. Jenkins, 92 F.3d 430, 440 (6th Cir. 1996); United States v. Mentz, 840 F.2d 315, 330 (6th Cir. 1988). The hearing date was continued until July 8, 2010, at the request of the defendant. Although no ends of justice finding was required, the Court, in granting the continuance, made a determination that to deny the continuance would deprive the defendant of continuity of counsel, and that the ends of justice outweighed the interest of the public and the defendant in a speedy trial.

On June 29, 2010, the Court was informed that a case on the July term of court, United States v. Adams, 3:09-cr-106, was expected to go to trial beginning July 7, 2010, and that this would conflict with Beals' change of plea hearing, as well as several other criminal hearings scheduled for July 8, 2010. The Court therefore moved all of its July 8, 2010, hearings to the next available date, July 14, 2010. The Adams trial went forward as expected through July 8, 2010. While an "ends of justice"

continuance may not be granted "because of general congestion of the court's calendar" pursuant to § 3161(h)(8)(C), this continuance was necessitated by a specific conflict which could not be avoided. Furthermore, as noted above, an "ends of justice" continuance was not required, since the Court was merely re-setting a hearing on a motion (for change of plea). In any event, the continuance of Beals' hearing was justified.

On July 14, 2010, AUSA Chalk, attorney Teague and the defendant appeared in Court for the change of plea hearing. At the hearing, attorney Teague stated to the Court:

> ... I've spoken with the prosecution and my client throughout this plea agreement, and we've tried to come to an agreement. However, my client says he's been truthful and he's spoken with the investigators. However, his truthfulness and forthcomingness has not added up to the elements to meet the conspiracy requirement, which is the plea agreement. So the prosecution and I have agreed that this needs to be set for trial.

Transcript of Hearing, 7/14/10. After further discussion, attorney Teague requested time to discuss the matter with her client, which was granted. After she conferred with the defendant, she announced that he wanted to set his case for trial. At that point, a trial setting was discussed. AUSA Chalk stated that the case agent, Robert Kay, an essential witness for the government, was unavailable, having been deployed to Iraq, and that she had previously discussed this with attorney Teague. She also stated that the government would be filing a motion to continue based on

13

the unavailability of Mr. Kay.  Attorney Chalk also informed the Court that she would be going on maternity leave beginning in October.  Attorney Teague indicated that she was willing to agree to a continuance, and the attorneys agreed to mutually decide on a trial date and prepare an agreed order of continuance addressing the speedy trial concerns.  Transcript of Hearing, 7/14/10.

As discussed above, the time from notification of a change of plea until the conclusion of the plea hearing is excludable from the speedy trial clock.  In the event the defendant decides not to plead guilty, then the excludable time is measured from notification of the change of plea until the date the defendant notifies the Court that he is not going to plead guilty.  <u>United States v. Scantleberry-Frank</u>, 158 F.3d 612, 614 (1st Cir. 1998).  In this case, the excludable time is from June 1, 2010, when the Court was notified that the defendant was going to change his plea, to July 14, 2010, the date the defendant notified the Court he was not going to change his plea.

The following day, July 15, 2010, AUSA Chalk filed a Motion for Continuance because of the unavailability of an essential witness, Robert Kay, Inspector with the United States Postal Service, based on his deployment to Iraq.  The motion recites that the Government has discussed the matter with the defendant's attorney who has indicated she will agree to the continuance.  The motion also requests that the case be continued to a date agreed

14

upon by the parties.

On July 26, 2010, the courtroom deputy clerk sent the following e-mail to AUSA Chalk:

> I have not heard back from you on the above referenced case.  I know there is a motion for contiuance pending and it was my understanding that you and defense counsel, Robyn Teague, were going to discuss this and that you would be submitting a proposed order.  Please let me know the status.  I don't want this motion pending too long.

E-mail of 7/26/10.  AUSA Chalk replied by e-mail: "Robyn and I have been discussing the February 8 [2011] date.  I have sent her an agreed order and I am waiting for it to be signed and returned.  Let me follow up with her on its status."  E-mail of 7/26/10.  Ms. Chalk also furnished the Court with a copy of the proposed Order of Continuance, which addressed the matters discussed at the July 14, 2010, hearing, set the new trial date for February 8, 2011, and provided signature lines for Erin Chalk, Robyn Teague, and Derrick Lamon Beals.  Proposed Order of Continuance.

On August 3, 2010, AUSA Chalk sent attorney Teague an e-mail asking her to advise as to the status of the Agreed Order.  E-mail of 8/3/10.  On August 10, 2010, AUSA Chalk sent another e-mail to attorney Teague:

> This is to follow up on a phone message I left you yesterday regarding the agreed order in the case of U.S. v. Derrick Beals.  Please advise the status of the order I sent to you last month.  We need to get this to the Court ASAP.

E-mail of 8/10/10.

The courtroom deputy clerk's notes reflect that attorney

15

Teague's phone number (which still appears on the docket sheet) had been disconnected. The clerk was able to obtain a new number for attorney Teague, and left messages for her on August 17, August 19, and August 20, 2010. Court File, Notes.

On August 24, 2010, the courtroom deputy clerk advised the Court by interoffice memorandum that, at the hearing of July 14, 2010:

> Both sides agreed that they would discuss a trial date acceptable to both sometime after the first of the year and submit an agreed order to you for a continuance and trial setting. The parties agreed on February 8, 2011, and the attached order was prepared by Erin Chalk, AUSA and submitted to Ms. Teague for her signature as well as her client's. To date Ms. Teague has never returned the order and Erin Chalk has made numerous phone calls to her and cannot get in touch with her. I have made about five phone calls to her and left messages and have sent emails to her with no response. I did speak to her once about a week ago and she said she was trying to get this resolved, but I have been unable to get in touch with her since.

Memorandum, 8/24/10.

On August 27, 2010, attorney Teague responded to AUSA Chalk's e-mails of August 3 and 10, 2010, as follows:

> Erin, I apologize for my delay in response. However, as I told the administrator when she called me, I was under the impression that Mr. Beals had signed all the paperwork that was before him at my meeting with him. Upon discovering he had not signed the order, and discovering new information I am perfecting a pleading to be filed upon completion. The pleading is expected to be complete and filed next week.

E-mail of 8/27/10. AUSA Chalk responded: "Thank you for getting back to me. I will look for the signed order this week so we can

16

get it to the judge."  E-mail of 8/30/10.

On September 9, 2010, the defendant filed a document in this case titled Notice to the Court Regarding Receipt of Discovery, Receipt of New Information, and Perfection of Pleading.  This pleading does not mention the hearing of July 14, 2010, the Motion for Continuance, or the Agreed Order.

On September 29, 2010, the defendant filed his Motion to Dismiss the Indictment for Violation of the Speedy Trial Act.  In his motion, Beals, through counsel, claims that "The USA has taken the position that Counsel for Derek Beals indicated he would waive his rights to a speedy trial.  The position is taken by the USA in its Motion for a Continuance filed on July 15, 2010."  Motion to Dismiss, ¶ 11.  However, the Government's motion contains no claim nor even mention of any waiver by the defendant.  The motion simply relects that "The United States has discussed the matter with counsel for the defendant and she indicates she will agree to the continuance," which accurately reflects the outcome of the July 14, 2010, hearing.  Motion for Continuance, ¶ 3.  The defendant also contends, however, that "the USA in taking the position Counsel indicated she would agree to the continuance is improper."  Motion to Dismiss, ¶ 12.

The Court construes the defendant's Motion to Dismiss as containing a response to the Government's Motion for Continuance. After representing to the Government and to the Court as late as

17

August 27, 2010, that her client intended to sign the Agreed Order, counsel for the defendant now claims that it is improper for the Government to take the position that she indicated to the Court that she would agree to the continuance.  The defendant also filed a Supplemental Motion to Dismiss on October 4, 2010.  In this motion, the defendant apparently takes the position that it would be improper for him to agree to an open-ended continuance based on the unavailability of Mr. Kay.  Supplemental Motion, ¶ 14.  However, the Agreed Order submitted to the defendant for his signature contained a definite trial date, February 8, 2011, based on representation of agreement by his counsel.  Proposed Agreed Order.  On October 7, 2010, the Government filed its Response to the Motions to Dismiss, indicating its position that the defendant should be held to his counsel's agreement to the continuance.  Response, pp. 10-11.  On October 9, 2010, the defendant filed his Rebuttal Memorandum, reiterating his position that the Government is improperly seeking a prospective waiver by the defendant. Rebuttal, pp. 11-12.

    The Court presently has three motions before it: the Government's Motion for Continuance of July 15, 2010, and the defendant's Motions to Dismiss of September 29 and October 4, 2010. The Court has had all three motions under advisement since October 9, 2010, the day that the last pleading concerning the motions was filed with the Court.  Under the Speedy Trial Act, the last day of

excludable time within which to rule on the motions is November 8, 2010.

The Court finds that the Government's Motion for Continuance should be granted.  The defendant takes no position as to the essential nature of the witness's testimony or the fact that he is unavailable due to military service overseas.  The Court finds that the testimony is essential to the Government's case, and that the witness has been unavailable to testify.  On October 25, 2010, the parties agreed that in the event the defendant's motions to dismiss are denied, a mutually agreeable trial date would be November 16, 2010, well in advance of the earlier proposed February 8, 2011, as the result of an earlier return of Mr. Kay from Iraq, approximately one week before the trial date.  The Court finds, pursuant to § 3161(h)(3)(A), that a continuance to November 16, 2010, due to the unavailability of an essential witness, Robert Kay, is granted, and is excluded from the Speedy Trial Act.  See United States v. McNealy, 2008 WL 5111069 *3-4 (S.D. Miss. Dec. 3, 2008)(§ 3161(h)(3)(A) does not require an "ends of justice" analysis).

The Court further finds that the period from July 15, 2010, until and including November 8, 2010, and, as stated, the period from November 8, 2010, to November 16, 2010, are excluded from the speedy trial clock.  Therefore, the only time that has run on the speedy trial clock is from November 11, 2009, to December 27, 2009, a period of forty-seven days.  For all of the reasons stated in

this Opinion, the defendants' motion and supplemental motion to dismiss are not well taken and shall be denied.  Accordingly,

IT IS HEREBY ORDERED that the Government's Motion for Continuance **(docket entry 59)** is GRANTED, and the trial of this case is continued until November 16, 2010;

FURTHER ORDERED that the defendant Derrick Lamon Beals' Motion to Dismiss the Indictment **(docket entry 62)** and Supplemental Motion to Dismiss the Indictment **(docket entry 64)**, are DENIED.

SO ORDERED, this the 8th day of November, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE